35889. BORDERS *v.* SOUTHERN GENERAL INSURANCE CO. OF ATLANTA.

DECIDED NOVEMBER 23, 1955—REHEARING DENIED DECEMBER 13, 1955.

*Emory Kinard, Augustine Sams,* for plaintiff in error.

*Nall, Sterne, Miller, Cadenhead & Dennis, Paul Cadenhead,* contra.

FELTON, C. J.   The action is to collect benefits allegedly due under the terms of a contract of fire insurance.   The defendant defended on the ground that at the time of the loss the policy had lapsed and had been canceled for failure to pay premiums.   The premium on the policy was due the 12th day of each month.   The policy provided for a 30-day grace period.   The plaintiff contends that the loss occurred during a grace period.   The defendant contends that the last premium paid by the plaintiff covered the period January 12th—February 12th, 1953, that the grace period extended coverage until March 12, 1953, and that, therefore, at the time of the loss on March 22, 1953, the policy was not in force.   As explained by the defendant's agent, the procedure of payment of premiums was that he would call by the plaintiff's home on the fourth Monday of each month to collect and if she was not at home he would leave a self-addressed envelope for the plaintiff to mail her premium to the defendant's office.   He explained that when payments were mailed in, he would record such payment from the office files into his collection book and indicate in his collection book opposite his entry therein of the payment that such payment was an office payment by mail by the notation "OP."   The plaintiff's ledger sheet from the agent's collection book was introduced in evidence.   In the space indicated for the premium due January 12th, the ledger sheet showed the date "2-3-53" and also the notation "OP."

The plaintiff testified: "I did not see the agent on the fourth Monday in February, so I mailed that premium; I mailed three $1.00 bills.   I put them in an envelope and put the book in there with them, the same book that I had been mailing to them before. I put a stamp on the envelope and the envelope was addressed to the company, just like the other envelopes.   It was an envelope which the agent had left there for me to mail it in.   When I placed that envelope in the mail, the book came back; I got it that following Saturday.   When I got the book back I looked and saw that there was an entry in there for the payment I had mailed in."

Susie Peterson testified that she saw the plaintiff mail the premium on the fourth Monday in February; that at that time she lived in the house with the plaintiff; that she accompanied the plaintiff to the post office on that occasion.

Frances Benjamin testified: "Annie asked me to read papers in her home to her. I had occasion, before her house burned, to look at her policy book. The policy book got burned up. I last saw the policy book and looked at it the Saturday before the house got burned down on Sunday. I saw an entry in there for a payment for February."

The evidence authorized a finding that the plaintiff mailed a premium to the defendant on the last Monday in February. The only testimony to the effect that the defendant did not receive the premium payment allegedly mailed on the last Monday in February was the testimony of Mr. P. L. Penter, a vice-president of the defendant, who testified: "To my knowledge, there was not more than one payment made in 1953."

The defendant contends that the plaintiff at one place testified that she made a payment on the fourth Monday in February; at another that she made a payment on February 3, 1953, and another that she made only one payment in February. On this basis the defendant contends that the plaintiff's own testimony was so contradictory and equivocal that properly construed against her it demanded a finding that she made only one payment in February, 1953, and that was the payment of February 3rd, and that, therefore, the grace period of the policy had elapsed when the loss occurred. The contention is that the plaintiff testified that she made a payment *on* February 3rd and that she also testified that she made only one payment in February and that was on the fourth Monday in February, and that such contradiction properly construed against her as a party to the action means that she made only one payment in February and that was on February 3rd. The testimony relied on by the defendant to show a contradiction is not susceptible to *only that one interpretation*. The testimony was in response to questions concerning her prior testimony on deposition and was as follows: "I recall having testified that the last payment I made on this policy was February 3, 1953; the last time I paid was on February 3, 1953." Contrary to the defendant's contention, the jury could

have found that the last portion of the above statement was a reiteration of the first portion and that all of the statement pertained to her previous testimony on deposition and that she nowhere testified in the present proceeding that she made a payment *on* February 3rd. The plaintiff, in the instant proceeding, repeatedly testified that she made only one payment in February and that on the fourth Monday in February. The defendant contends that since its agent's collection book shows an entry for an office payment by mail on February 3rd, a payment was made on February 3rd. Such entry and the testimony concerning the entry does not show when the premium represented by such entry was mailed. A jury could have found that the premium was mailed to the defendant's office in January. While the plaintiff's testimony as to what was her previous practice about making payments by mail was conflicting, her testimony in the present case was consistent that she mailed a premium on the fourth Monday in February. Any prior conflicting statement on her part would only go to her credibility.

Since the defendant's own records show a payment of premium covering the period January 12—February 12, the jury could have found from the plaintiff's evidence that she mailed a premium on the fourth Monday in February covering the period February 12—March 12, and that, therefore, the loss of March 22nd was within the grace period of March 12—April 12.

The court erred in directing a verdict for the defendant and in denying the amended motion for a new trial.

*Judgment reversed. Quillian and Nichols, JJ., concur.*